UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARCUS MILLER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CRIMINAL ACTION No. 02-10054-WGY |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM AND ORDER**
**ON PETITION FOR WRIT OF HABEAS CORPUS**

YOUNG, D.J.                                                June 16, 2011

## I. INTRODUCTION

Marcus Miller ("Miller") pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance (crack cocaine) in violation of 21 U.S.C. § 846, and two counts of aiding and abetting the distribution of a controlled substance (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). The Presentence Report ("PSR") classified Miller as a career offender based on two prior convictions for "crimes of violence." Miller has a 1998 conviction for assault and battery on a police officer in violation of Massachusetts General Laws chapter 265, section 13D, and a 1999 conviction for assault and battery with a dangerous weapon in violation of Massachusetts General Laws chapter 265, section 15A(b).

At sentencing for the drug offenses, this Court adopted the factual findings in the PSR related to these two previous convictions. As a result, Miller was sentenced in accordance with the career offender guidelines to 151 months imprisonment followed by 3 years of supervised release.

Now, in bringing a petition for a writ of habeas corpus, Miller contends that he was incorrectly categorized as a career offender and asks the Court to adjust his sentence downward.

## II. FACTUAL BACKGROUND

At age 18, Miller was arrested for assault and battery on a police officer.[1] On March 27, 1998, he pleaded or admitted to sufficient facts to be found guilty. According to the PSR's summary of the police report, Miller and another individual refused to be pat frisked for weapons. "Both individuals 'slapped' the officer's hands away when the officer attempted to conduct the pat frisk. The officers began to struggle with the two individuals. The defendant hit an officer several times."

At sentencing on May 21, 2003, for the drug offenses, this Court adopted the factual findings and guidelines calculations in the PSR including the factual bases for Miller's two career offender guidelines predicate offenses. Miller made no objection

---

[1] Miller does not challenge whether his second predicate offense, assault and battery with a dangerous weapon, is properly considered a "crime of violence." As a result, this Court does not discuss it except to note that the First Circuit is clear on this issue. See United States v. Glover, 558 F.3d 71, 82 (1st Cir. 2009) (concluding that assault and battery with a dangerous weapon qualifies as a crime of violence).

2

to the portion of the PSR describing the facts on which his assault and battery on a police officer conviction was based. Miller was sentenced to 151 months imprisonment, the low end of the guidelines range for a career offender, but still significantly higher than the non-career offender guidelines range of 70 to 87 months.

On November 25, 2008, Miller filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the Sentencing Commission's amendments to the guidelines reducing all crack cocaine base offense levels by two points. This offense level reduction would have reduced his sentencing range, absent a career offender finding, to 57 to 71 months. Miller's motion was denied on December 1, 2008, based on his career offender status.

On March 2, 2011, Miller filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

### III. ANALYSIS

Miller advances a single argument in support of his petition for a writ of heabeas corpus. He claims that, in light of recent Supreme Court and First Circuit decisions bearing on whether assault and battery on a police officer constitutes a "crime of violence," he was incorrectly categorized as a career offender, resulting in a substantial increase in his sentence.

**A.   Legal Standard**

A section 2255 petition must be dismissed whenever "the motion and the files and records of the case conclusively show

3

that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); see Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995).  The petitioner bears the burden of proving he is entitled to relief.  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

**B.    The Career Offender Guidelines**

A predicate offense under the career offender guidelines must be a "crime of violence," which is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involved conduct that presents a serious potential sick of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a).  In analyzing the "crime of violence" definition, "[c]lause (i) is sometimes referred to as the 'force clause.'  The portion of clause (ii) following the enumerated offenses is known as the 'residual clause.'"  United States v. Holloway, 630 F.3d 252, 256 (1st Cir. 2011) (citations omitted); see United States v. Dancy, No. 09-2628, 2011 WL 1418854, at *9 n.7 (1st Cir. Apr. 13, 2011).  Courts may analyze the predicate offense under either clause, taking a "categorical approach" to each.  Dancy, 2011 WL 1418854, at *9.  This requires consideration of "'only the offense's legal definition' under state law, 'forgoing any inquiry into how the

defendant may have committed the offense.'" Id. at *9 (quoting Holloway, 630 F.3d at 256).

**C. Analysis Under the Career Offender Guidelines**

In Massachusetts, assault and battery on a police officer is a crime punishable by a term of imprisonment of more than one year. Mass. Gen. Laws ch. 265, § 13D (setting two-and-one-half-year maximum term). In United States v. Fernandez, 121 F.3d 777 (1st Cir. 1997), the First Circuit held that this crime, specifically where committed against a police officer, is "categorically a crime of violence within the meaning of the career offender provisions of the sentencing guidelines." Id. at 780. More recently, the First Circuit unequivocally reaffirmed this holding in the context of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Dancy, 2011 WL 1418854, at *13. "[T]he terms 'crime of violence' under the career offender guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other." United States v. Willings, 588 F.3d 56, 58 n.2 (1st Cir. 2009). Thus, this Court is bound by the conclusion of both Fernandez and Dancy that the Massachusetts crime of assault and battery on a police officer is categorically a crime of violence as defined by the career offender guidelines.

Miller acknowledges that Dancy is controlling, yet argues that it was wrongly decided in light of earlier precedent

5

suggesting that assault and battery is not a crime of violence. See Johnson v. United States, 130 S. Ct. 1265 (2010) (holding that, where Florida's battery statute failed to indicate a required level of force, the defendant's prior battery conviction did not qualify as a predicate violent felony offense under the force clause); Holloway, 630 F.3d 252 (concluding that reckless battery under Massachusetts law is not a categorical crime of violence under the residual clause). Dancy, however, not only squarely confronted Johnson and Holloway but also clearly distinguished these cases on the ground that assault and battery on a police officer includes additional elements that simple assault and battery does not. Dancy, 2011 WL 1418854, at *11. Specifically, assault and battery on a police officer requires that (1) the defendant be aware (2) that the victim is a police officer (3) engaged in his or her official duties. Id. (citing Mass. Gen. Laws ch. 265, § 13D, and Mass. Gen. Laws ch. 277, § 79). The First Circuit concluded that these additional elements "ensure that the conduct criminalized by the [assault and battery on a police officer] statute is 'purposeful.'" Id.

This focus on purposefulness is a reflection of the statement in Begay v. United States, 553 U.S. 137 (2008), that an offense must "typically involve purposeful, 'violent,' and 'aggressive' conduct" to qualify under ACCA. Id. at 144-45 (citations omitted). Since Dancy was decided, however, the United States Supreme Court has made clear that Begay's

6

"purposeful, violent, and aggressive" formulation was not meant to be dispositive. Sykes v. United States, No. 09-11311, 2011 WL 2224437, at *9 (U.S. June 9, 2011). Instead, the proper inquiry under the residual clause is whether the crime categorically "presents a serious potential risk of physical injury to another." Id. (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). While "[i]n many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk," risk level is the more "manageable standard." Id.

To the extent that Sykes marks a shift in the standard, it is of no consequence here. Rather than rest its laurels on purposefulness, the Dancy court also examined the level of risk posed by assault and battery on a police officer, as Sykes requires. The First Circuit remarked that the crime "nearly always involves the intentional striking of a police officer," which "nearly always poses a serious risk of actual or potential physical force and the likelihood of physical injury." Dancy, 2011 WL 1418854, at *12 (quoting Fernandez, 121 F.3d at 780). The risk of serious injury is further heightened by the fact that police officers on duty tend to be armed and may legitimately use force to subdue a suspect or prevent injury to themselves or bystanders. Id. This analysis by the First Circuit – emphasizing not only the risk created by the defendant's conduct but also the additional risk created by the police officer's lawful response to it – is precisely the same approach that the

7

Supreme Court took in Sykes, where it held that felony vehicle flight is a violent felony under ACCA. See Sykes, 2011 WL 2224437, at *6 ("When a perpetrator defies a law enforcement command by fleeing in a car, the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense. Even if the criminal attempting to elude capture drives without going at full speed or going the wrong way, he creates the possibility that police will, in a legitimate and lawful manner, exceed or almost match his speed or use force to bring him within their custody.").

In light of Sykes, Miller's argument that assault and battery on a police officer can be, and often is, committed recklessly (and, thus, not purposefully) becomes irrelevant. Sykes requires inquiry only into whether the crime "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Dancy, the First Circuit diligently applied this standard to the Massachusetts crime of assault and battery on a police officer, concluding that "[the] great risk of physical injury is present even if the assault and battery on the officer in the enforcement of his or her duties is recklessly done." 2011 WL 1418854, at *13 (emphasis added). This Court now must follow Dancy with equal diligence. Because assault and battery on a police officer is categorically a crime of violence, Miller was correctly

8

categorized as a career offender and is not entitled to the relief he seeks.

## IV. CONCLUSION

For the foregoing reasons, Miller's petition for a writ of habeas corpus is DENIED without hearing.

SO ORDERED.

/s/ William G. Young  
WILLIAM G. YOUNG  
DISTRICT JUDGE